```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,


          - against -                           MEMORANDUM

                                                09 Cr. 757 (NRB)
JOHN SIMMONS,
   a/k/a "Avrom Simmons,"
   a/k/a "John Symons,"
   a/k/a "Steven Kauffman,"

Defendant.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This matter returns from the Court of Appeals, which remanded for further proceedings relating to an order of restitution imposed pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A ("MVRA"). The Court has resentenced defendant, correcting the identity of a victim. This Memorandum expands upon the reasons given at resentencing.

## BACKGROUND

Defendant John Simmons pleaded guilty to two counts of conspiracy. In the Count One conspiracy, Simmons and others fraudulently procured loans with which straw purchasers bought eight apartments in a condominium building at 203 West 81st Street in Manhattan. That building is governed by an unincorporated homeowner's association called The 203

Condominium, whose managing agent is Siren Management Corp. ("Siren").

On May 14, 2012, the Court sentenced Simmons principally to 41 months' imprisonment. Pursuant to a consent agreement, the Court ordered forfeiture in the amount of $1,319,246.84. The Court also ordered restitution to Community Preservation Corp. ("CPC") in the amount of $1,066,466.10 and to Siren in the amount of $262,418. Simmons appealed from the restitution orders, arguing that: (1) CPC was not a victim but rather an uncharged co-conspirator, Def. Br. on Appeal at 40; (2) "neither Siren nor the condominium association were victims of the crime charged," because "losses attributable to the condominium association should not have been the subject of a restitution order . . . in a . . . bank fraud case," id. at 26, 30 (capitalization altered); and (3) "the loss claimed by Siren was never properly documented," id. at 30 (capitalization altered).

On November 13, 2013, the Court of Appeals issued a summary order rejecting the first two of these arguments but agreeing with the final one. United States v. Simmons, 544 F. App'x 21 (2d Cir. 2013). The Court of Appeals found the record insufficient to support the order as to Siren, stating:

> The difficulty here is that the government provided so little to document or clarify Siren's losses that it deprived Simmons of the opportunity to present his position in any meaningful way. The government presented nothing more than an unsworn letter from Siren setting forth a

2

>   lump-sum amount lost in "common charges and assessments." Simmons had no way to know, for example, what comprised the "common charges and assessments" or the time period this figure covered for each apartment.  As the government has provided almost no information about the loss amount, no documentation regarding Siren's asserted loss, and no explanation as to why procuring details or documentation was impracticable, we agree with Simmons that the district court abused its discretion.

Id. at 24.  The Court of Appeals concluded:

>   The matter is remanded to the district court in accordance with the procedures of United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.1994), for determination of the amount of loss that Siren incurred, for which restitution must be awarded under the MVRA.  If the government properly substantiates the amount of Siren's loss as previously determined, the judgment previously entered may stand.  If the government fails to substantiate the amount of Siren's restitution order, the district court should vacate the judgment and ever [sic] a new sentence reflecting the appropriate amount of restitution.  REMANDED.

Id. (footnote omitted).[1]

On remand, the Court received a letter from the government dated June 19, 2014, with exhibits, and a letter from defense counsel dated August 11, 2014, with exhibits.  At the parties' suggestion, the Court held a conference on September 18, 2014.  The Court subsequently received defense counsel's letter dated September 25, 2014, with exhibits; the government's letter dated October 9, 2014, with exhibits including the sworn declaration of Howard Landman, Siren's vice president (the "Landman Declaration"); defense counsel's letter dated October 23, 2014;

---

[1] The same order provided that "the judgment of the district court be and hereby is **VACATED** and the case is **REMANDED** for further proceedings." 544 F. App'x at 22 (bolding in original).  To ensure compliance with the mandate, the Court vacated the original judgment during resentencing.

defendant's pro se letter dated November 6, 2014, with exhibits; and the government's letter dated November 10, 2014, with exhibits.  The Court resentenced Simmons on November 10, 2014.

**DISCUSSION**

On remand, both parties asked the Court to enter a new judgment.  Although the government stood by the amount of restitution, it now asserted that the victim was The 203 Condominium (the homeowner's association) rather than Siren (the managing agent).  Seizing on that change of position, defense counsel contended that the Court must enter a new judgment with no restitution for either Siren or The 203 Condominium.  In the alternative, defense counsel argued that the government failed to properly substantiate The 203 Condominium's loss amount.

Restitution is mandatory in this case, see 18 U.S.C. § 3663A(c)(1)(A)(ii), and the government bears the burden to demonstrate the amount of a victim's loss, see id. § 3664(e).  The government met its burden to substantiate the $262,418 loss amount through Howard Landman's sworn declaration, which:

- explains that Siren, on behalf of The 203 Condominium, collects monthly common charges and special assessments (collectively "charges") from each owner, holds the charges in an escrow account, and uses the charges to pay for the building's operation and maintenance, Landman Decl. at ¶ 3;

4

- itemizes, in an accompanying spreadsheet prepared by the building's accountants, net unpaid charges totaling $262,418 attributable to the eight apartments for a period from 2006 through 2011, id. at ¶ 4 & Ex. A;

- shows that the unpaid amount of $262,418 is net of offsets, principally some $152,616 collected from rental tenants of the eight apartments, id. at ¶ 4 & Ex. A; and

- describes further, albeit unsuccessful, efforts to offset the loss by filing liens against the eight apartments and obtaining a default judgment against one straw purchaser, id. at ¶¶ 5-6.

The uncontroverted facts in the Landman Declaration adequately account for the $262,418 loss amount. They further demonstrate that reasonable efforts were made to mitigate that loss.

The Landman Declaration also makes clear that the loss of $262,418 was suffered by The 203 Condominium, the homeowner's association, rather than Siren, its managing agent. See id. at ¶¶ 1, 3, 8.[2] This poses the question whether the Court may

---

[2] There is no merit in Simmons' argument that that the government must prove the amounts of special assessments charged to 48 individual members of the homeowner's association. Although the fraud indirectly harmed those homeowners by forcing The 203 Condominium to charge them more than they otherwise would have paid, the fraud directly deprived The 203 Condominium of funds to which it was entitled and that should have been paid into its escrow account. Thus, The 203 Condominium is a victim. Further, Siren indicates that it will either distribute any restitution payments back to The 203 Condominium's members or use such payments to abate future increases in charges to those members. Landman Decl. ¶ 8.

5

substitute The 203 Condominium as the restitution payee on remand.

This Court is bound by the so-called "mandate rule," which "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis and internal quotation marks omitted). Under this rule, "[i]f the remand specifies the nature of the correction to be made, the scope of the issues on remand is thereby limited." United States v. Barresi, 361 F.3d 666, 672 (2d Cir. 2004). However, "[t]o determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Ben Zvi, 242 F.3d at 95 (internal quotation marks omitted). Additionally, a "district court [may] resentence beyond the scope of a limited remand for a cogent, compelling reason, such as correcting a clear error." United States v. Johnson, 378 F.3d 230, 243 (2d Cir. 2004).[3]

---

[3] In Johnson, the Court of Appeals had previously vacated the defendants' sentences on account of an error in applying the Sentencing Guidelines. On remand, the district court, for the first time, ordered restitution pursuant to the MVRA. The defendants again appealed, arguing, inter alia, that "having failed to impose [restitution] orders at the initial sentencing proceedings, the narrow scope of the District Court's mandate on remand for resentencing prohibited it from entering orders of restitution at resentencing." 378 F.3d at 244. The Court of Appeals disagreed: "Because the mandate rule does not forbid a district court to resentence beyond the scope of a limited remand for a cogent, compelling reason, such as correcting

6

Here, the Court of Appeals ordered that "[i]f the government fails to substantiate the amount of Siren's restitution order, the district court should vacate the judgment and e[nt]er a new sentence reflecting the appropriate amount of restitution." Simmons, 544 F. App'x at 24.  The language and certainly the broader spirit of this direction are sufficiently capacious to permit the substitution of Siren's principal for Siren.

Alternatively, in this context of mandatory restitution, the need to correct the Court's (and the government's) previous error of misidentifying the Count One victim presents a sufficiently cogent and compelling reason to resentence beyond the mandate's limited scope.  Indeed, it would likely be error under the MVRA to enter an amended judgment of conviction without ordering restitution to a proven victim.

Accordingly, the Court has ordered restitution in the amount of $262,418 to The 203 Condominium, rather than to Siren.[4]

---

a clear error, and because it was error for the District Court to have failed during the initial sentencing proceedings to order mandatory restitution as required by the MVRA, we hold that the District Court did not err by ordering restitution during resentencing proceedings." Id.
    As Johnson demonstrates, the Court's power to correct clear error when resentencing a defendant is not confined by the time limit of Rule 35(a) of the Federal Rules of Criminal Procedure.  By its terms, Rule 35(a) applies to the correction of a sentence, rather than to the entry of a new sentence on remand.  See United States v. Arrous, 320 F.3d 355, 359 (2d Cir. 2003) (noting, in discussion of a prior version of Rule 35, that "[t]he law recognizes a distinction between a proceeding by which the district court corrects or changes a pre-existing sentence, and one where the district court re-enters a sentence which has been vacated or set aside by the Court of Appeals"; in the latter scenario, "technically a new sentence is being imposed in place of the vacated sentence").
    [4] In a pro se submission, hand delivered to the Court one business day before resentencing, Simmons challenged the order of restitution as to CPC, a

## CONCLUSION

Simmons having been resentenced consistently with this Memorandum, an amended judgment of conviction has been entered.

Dated:   New York, New York
         November 14, 2014

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

victim of the Count Two fraud.  Simmons asserted, inter alia, that CPC had reached a settlement with Stewart Title Insurance Company ("Stewart Title") related to CPC's loss.  This prompted the government to make inquiries, and approximately one hour before resentencing, the government submitted a letter and exhibits showing that, in or about February 2013, CPC received payment in settlement of a claim against Stewart Title, but that CPC still has an unreimbursed loss in the amount of $582,272.19.
    At the resentencing proceeding, all counsel took the position, and the Court agreed, that the order of restitution to CPC was neither within the scope of the mandate on remand nor appropriately addressed at that proceeding.

8

Copies of the foregoing Memorandum have been mailed on this date to the following:

**Attorneys for the Government**

Janis Echenberg, Esq.
Elisha J. Kobre, Esq.
One St. Andrew's Plaza
New York, NY 10007

**Attorneys for Defendant**

Michael J. Gilbert, Esq.
Collin F. Hessney, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036